TIMOTHY C. TILLOTSON *vs.* ALANSON WARNER.

The testimony of a justice of the peace, to the former existence of a complaint and war-
rant, with his minutes indorsed thereon of the subsequent proceedings in a case before
him, though not extended into a complete record, is sufficient, upon proof of a thorough
and unsuccessful search among his papers for the originals, to warrant the admission of
parol evidence of their contents.

A paper, certified by a justice of the peace to be a copy of a record of a case before him,
is admissible in evidence of such proceedings, although made by him after the loss of the
original, and pending a trial in which he had testified to its contents.

In an action for a malicious prosecution of the plaintiff for maliciously removing a fence
between his land and land of the defendant, the dividing line between which had been
settled by arbitration, evidence of prior wrongful removals of the fence by the plaintiff,
before the submission to arbitration, is inadmissible to prove probable cause for the pros-
ecution.

ACTION OF TORT for a malicious prosecution of the plaintiff
before a justice of the peace, on a charge of maliciously break-
ing down and leaving open a fence inclosing the lands of the
defendant, and in which the plaintiff had no interest.

At the trial in the court of common pleas, before *Mellen,* J.
the plaintiff, for the purpose of proving the proceedings before
the justice of the peace, the fact of the prosecution and its ter-
mination, called said justice, who testified that a complaint was
made before him against the plaintiff, and a warrant issued
thereon by him; that he made no record of the proceedings
before him, except some minutes on the back of the original
complaint and warrant, and that he was not in the habit of
making any other record of criminal cases tried before him;
that he could not find the original complaint and warrant, al-
though he had supposed they were among his papers, and had
looked for them very recently, and had made a thorough search
for them; that a year or two ago, on the request of the plaintiff's
counsel, he found the original complaint and warrant, and
caused a copy thereof to be made, which he examined and com-
pared with the original, and found to be correct; that his im-
pression was that a paper, produced by the plaintiff, purporting
to be a copy of the complaint and warrant, and of a memoran-
dum thereon of a continuance, and of the discharge of the

accused, was said copy, though he was not sure; and that he did not know that he had seen the original since he compared said, copy with it. The witness, while in court, made a certificate, on the back of the paper, that it was a copy of the complaint; and the plaintiff then offered it in evidence; and it was admitted, although the defendant objected. The plaintiff then proceeded to prove, by the parol testimony of the justice, that the plaintiff was brought before him, and examined on said complaint and warrant, and the hearing of the case was continued for several days, and the plaintiff finally discharged. The defendant objected to the proof of these facts by parol testimony; but the objection was overruled.

The justice, after leaving the stand, prepared a paper purporting to be a copy of the record, and annexed it to said copy of the complaint and warrant; and the plaintiff offered this record in evidence; and it was admitted, against the objection of the defendant, though there was no evidence that the justice had found the original complaint and warrant, or minutes of the proceedings before him, except those on the back of the alleged copy already given in evidence.

Prior to the prosecution alleged to be malicious, the parties to this action had submitted to arbitration certain matters in dispute between them, including their rights in the division line between their lands, made by the fence which the plaintiff was charged with maliciously breaking down; and there was evidence that, either by agreement of the parties, or by award of the referee, their rights in this fence had been determined. The plaintiff did not deny that he removed the fence; but claimed the right to remove it. For the purpose of proving probable cause for the prosecution, the defendant offered to show that, prior to said reference, and to the alleged malicious removal of the fence, the plaintiff had more than once, maliciously and without right, removed and left down portions of the fence. But this evidence was excluded.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. Vose,* for the defendant. 1. The proceedings before the

Tillotson *v.* Warner.

magistrate could only be proved by a proper record, or a copy thereof; or, upon showing the loss of the record, by parol evidence of its contents. *Stone* v. *Crocker,* 24 Pick. 87. *Sayles* v *Briggs,* 4 Met. 421. The magistrate never made any record of these proceedings before him; nor does it appear that he made any minutes from which a record could be made. *Sayles* v. *Briggs,* above cited. *Davidson* v. *Slocomb,* 18 Pick. 466. The want of a record cannot be supplied by parol. *Sayles* v. *Briggs,* above cited. *Sheldon* v. *Frink,* 12 Pick. 568. *Fanshaw* v. *Heard,* 1 Moore & Payne, 194.

But assuming that proper primary evidence of the proceedings, in the form of a record or ample minutes, once existed, there was no proof of reasonable and diligent search, such as would show that all sources of inquiry had been reasonably exhausted, so as to furnish a presumption of loss, and warrant the admission of secondary evidence. 1 Greenl. Ev. § 558. *Taunton Bank* v. *Richardson,* 5 Pick. 441. *Foster* v. *Mackay,* 7 Met. 531. *Jackson* v. *Todd,* 3 Johns. 300. *Jackson* v. *Hasbrouck,* 12 Johns. 194. *Parkins* v. *Cobbet,* 1 Car. & P. 282. *State* v. *Wayman,* 2 Gill & Johns. 255.

2. The subsequent offer of the alleged certified copy of the record did not obviate the objection to the previous introduction of the parol evidence. For the paper, taken in connection with the facts proved, showed that it was not what it purported to be; the plaintiff had impeached it in advance, and shown its worthlessness; and it was not conclusive evidence of a record, but might have been impeached by the defendant. *Brien* v. *Woodbury,* 1 Pick. 362. *Hastings* v. *Blue Hill Turnpike,* 9 Pick. 80.

3. The evidence offered to prove probable cause should have been admitted; because the question turns upon the reasonable belief or suspicion of the prosecutor concerning the guilt of the party accused. *Bacon* v. *Towne,* 4 Cush. 238. *Foshay* v. *Ferguson,* 2 Denio, 620. *Baldwin* v. *Weed,* 17 Wend. 224.

*W. G. Bates,* for the plaintiff.

BIGELOW, J. 1. The evidence of the magistrate proved that there was an original complaint and warrant which had been

lost, and that minutes of the proceedings thereon against the plaintiff were made by him on the back of the papers, in conformity with his usual practice. This was satisfactory proof that a record had once existed, and it being shown to have been lost, by testimony which seems to us amply sufficient, secondary evidence of its contents was clearly admissible. It was not necessary that the minutes should have been extended, so as to form a full and complete record. *Davidson* v. *Slocomb,* 11 Pick. 464. *Pruden* v. *Allen,* 23 Pick. 184. *Sayles* v. *Briggs,* 4 Met. 421. *Read* v. *Sutton,* 2 Cush. 115. It does not appear by the exceptions that any evidence was offered of proceedings before the magistrate which were not substantially stated in the minutes. The testimony of the magistrate seems to have been confined strictly to proof of the contents of the lost record.

The subsequent admission of a certified copy of the record was according to the established rule of evidence in such cases. 1 Greenl. Ev. § 501. If it had been introduced, or shown to be in existence, at an earlier stage of the trial, it might have rendered the parol evidence inadmissible. But a court is bound to decide as to the competency of proof, upon the state of facts which has been made to appear, when the evidence is offered. Its rulings cannot be set aside because, at a subsequent stage of a trial, facts are brought to light, which, if known, might have led to a different decision. Besides ; in the present case, on the production of the duly certified copy of the record, the previous parol evidence was rendered wholly immaterial.

2. The magistrate having duly certified that the copy offered was a true copy of the record, it was the duty of the court to admit it in evidence. The truth of the certificate was not in issue, and it could not be collaterally tried. If the magistrate made a false certificate, it was nevertheless an official act, and it was the duty of the court to receive it as legal evidence, because it was duly certified by the proper officer.

3. Evidence of removals of the fence, prior to the award by which the title to it was determined, was entirely irrelevant. The question of probable cause depended on the facts, as they existed at the time the criminal prosecution against the plaintiff

was commenced by the defendant. Its existence could not be shown by evidence of acts on the part of the plaintiff, committed by him under claim of right, when the title to the fence was in dispute between the parties. This title having been definitively settled by the reference, the right of the plaintiff to remove the fence, and of the defendant to prosecute him therefor, could not be in any way affected by the previous acts of the plaintiff relative thereto.  *Exceptions overruled.*